### DINGMAN *v.* RANDALL *et als.*

WHERE a mortgagee released a mortgage made by two parties, and took a new mortgage made by one, to whom the other had meanwhile sold, the new mortgage being for a less sum, by five hundred dollars, paid at the time, and bearing a different rate of interest, it will require clear evidence of fraud, to induce a Court of Equity to interfere, and give the mortgage priority over intervening liens.

APPEAL from the Eleventh District.

Bill to foreclose a mortgage, and give plaintiff priority over

certain other mortgages and rights, claimed by virtue of a Sheriff's deed, made in pursuance of sale thereunder, on the ground of fraud.

Defendants, Enos and Williams, had judgment, and plaintiff appeals.

*Tuttle & Hillyer*, for Appellants.

*B. F. Myers*, for Respondent.

BALDWIN, J. delivered the opinion of the Court—TERRY, C. J. concurring.

In August, 1856, defendants, Randall and Enos, executed a mortgage to plaintiff, on a place known as "Smith's Ranch," to secure a debt of twenty-five hundred dollars, the purchase money. On 1st of December, 1856, these same defendants executed a mortgage on the same property to defendant, Emanuel Joseph, to secure the payment of their note for six hundred dollars. In June, 1857, Enos sold his interest in the property to Randall. On July 4th afterwards, Randall married defendant, Teresa, and they occupied the property as a homestead. On July 31st, 1857, defendant, Randall, executed a mortgage to defendant, Enos, to secure a debt of nine hundred dollars. In September, 1857, Enos assigned his mortgage and note to Joseph, who commenced suit on his and Enos' note, and foreclosed the mortgage by decree, October 27th, 1857. In November, 1857, Sheriff sold—Williams purchased at the sale, and Sheriff's deed executed June 14th, 1858.

July 31st, 1857, plaintiff discharged his mortgage, and took a new note and mortgage, signed by Randall alone.

Enos and Williams alone answer the bill. The foregoing facts are undisputed. Defendants, Randall and Joseph, confess by failing to answer.

There is proof tending to show that, when the new mortgage was given, Dingman was to give ten months' extension on the old one, and was not to allow any other liens over his; and, also, that this arrangement was procured by fraud, for the purpose of letting in the junior mortgage of Enos and of Joseph, now held by Williams. That, by this fraud, of which it is charged all these parties had knowledge, and in which they participated, the plaintiff, unless he can get relief in equity, will

lose his debt. And the case turns upon the proper decision of this question of fact. The proofs are not a little conflicting.

When Dingman released his old mortgage on Enos and Randall, he took the separate note of Randall, and the mortgage executed by Randall and wife, and received five hundred dollars in cash. He then surrendered the old papers, and executed a release of record of the old mortgage. The evidence is by no means satisfactory, that the arrangement was at all different from what the papers show; and a very clear case should be made before a Court will suffer them to be contradicted, or deny to the transaction the character which they impress upon it. It is true, one or two of the witnesses say that Dingman understood that the new arrangement was an extension of the old mortgage—so, in a loose sense, it was—but it seems to be an extension, deliberately made, on a new contract, with a new consideration—two and a half per cent. interest being included in the new note—and with a new party included and one of the old ones omitted.

It is not necessary to inquire whether Randall was a competent witness, as his testimony is not sufficient, if admitted, to alter the aspect of the case, as we consider it on the proofs. But the direct effect of his testimony would seem to be to make Enos pay one-half of his debt.

The homestead question is not so made that we can consider it, if there be anything in it.

The agreement at the sale not having been set up in the answer, is not involved in the decision of this case. If the plaintiff has any rights under that agreement, he can set them up in another form.

Decree affirmed.