HENRY M. DIKEMAN *and* GEORGE W. SEABOLD *v.* CHARLES PUCKHAFER *and* WILLIAM HARRIS.

An error of the Register in improperly endorsing a chattel mortgage, whereby a subsequent purchaser is misled, does not invalidate the mortgage; the making of such indorsement is the duty of the Register, and its omission is not the fault of the mortgagee, and cannot affect his rights.

*It seems* that the remedy of a purchaser who has been misled as to the existence of a chattel mortgage by reason of an omission or defect in the indorsement or filing of the mortgage, is against the officer making such error.

APPEAL from a judgment by the plaintiff. The facts are fully stated in the opinion.

BY THE COURT.—CARDOZO, J.—In January, 1863, the plaintiffs sold Messrs. Boscomp and Schiffer a grocer's wagon, and took back a mortgage on it for the purchase money, viz., one hundred dollars. The mortgage did not specify any time for payment, and consequently was due immediately (*Howland* v. *Willett*, 3 Sandf. S. C. R., 608), and it was not necessary to demand payment of it to enable the plaintiff to maintain this action (*Howland* v. *Willett, supra; Brown* v. *Cook*, 3 E. D. Smith, 123). The plaintiffs duly filed the mortgage in the Register's office, but the Register appears not to have properly indexed it, according to the act of 1849, and this omission,

Dikeman v. Puckhafer.

attributable probably to the difficulty of deciphering the names of the mortgagors, has led to the dispute between the parties and to this suit.

After the filing of the mortgage, the defendants purchased the wagon, with other property, from the mortgagors; paying for it by crediting them with the amount of an old indebtedness of one hundred and seventy-two dollars, paying on their account to one Hecker (who held a mortgage on this wagon), one hundred dollars, and also paying to the mortgagors the sum of forty dollars in cash. The defendants, before making the purchase, examined the index of chattel mortgages in the Register's office, but by reason of the omission of the Register, they failed to discover, and they had not any notice in fact of, the existence of the mortgage. The plaintiffs demanded this wagon from the defendants, but they refused to surrender it, and claim to hold it discharged of the lien of the mortgage to the plaintiffs. A demand before suit brought is distinctively and positively sworn to by the plaintiff Seabold, and therefore, while I incline to think that a demand after the summons had issued would not be sufficient, it is unnecessary to determine that point.

The jury found for the defendants. I think the verdict contrary to law.

Upon the evidence, the plaintiffs had done all that they were required to do to make the mortgage as to them valid. A duty, viz., to index the mortgage, rested on the Register, with which the plaintiffs had nothing to do; over which they had no control, and the omission of which was not their fault. They were bound to file the mortgage, and they did so. That the defendants did not through the registry obtain notice of this mortgage was not the plaintiffs' fault and cannot affect their rights (See *Dodge* v. *Potter*, 18 Barb., 193). The mortgage was given for a valid and valuable consideration; the *bona fides* of it was not attempted to be impeached; it was filed pursuant to the statute, and the defendants, if they have been misled into parting with their money for the wagon in ignorance of the plaintiffs lien, must seek redress against the officer whose omission to do his duty has operated to their loss. They cannot claim to hold the property free of the mortgage.

The judgment should be reversed.