ALEXANDER C. McGRAW ET AL. v. LOOMIS K. BISHOP.

*Chattel mortgage—Time of payment—Right of possession—Trover.*

1. The debt secured by a chattel mortgage is due at once where
   the mortgage fixes no time when it is to become due and pay-
   able. *Bearss v. Preston,* 66 Mich. 11.

2. A stipulation in a chattel mortgage that the mortgagees may
   take possession of the mortgaged property whenever they con-
   sider their claim in jeopardy is equivalent to the usual pro-

vision for taking possession when they consider themselves insecure.

3. This Court has held that, under similar clauses in chattel mortgages, mortgagees are entitled to possession before condition broken, and they may maintain trover as against those who wrongfully interfere with their possession. *Grove v. Wise*, 39 Mich. 161, 163.[1]

4. Plaintiffs held a chattel mortgage on a stock of goods given as security for existing indebtedness, and providing for future advances, and covering after-acquired stock. The mortgage contemplated that the mortgagor should prosecute his business in the usual way. No time for the payment of the debt was fixed in the mortgage, which provided that the mortgagees might take possession whenever they should deem the claim secured by the mortgage to be in jeopardy. Unsecured creditors attached the whole stock of goods, and the mortgagees placed a man in joint possession with the sheriff, by his consent, while the inventory was being taken, and after its completion demanded full possession under their mortgage, which was refused, the sheriff claiming to hold in defiance of the mortgage. The attachment proceedings were void. And it is held that under these circumstances the mortgagees might well consider their claim in jeopardy, and proceed under the terms of the mortgage to take possession of the goods, and were entitled to bring an action of replevin or trover against the attaching officer.[2]

Error to Kent. (Burch, J.) Argued February 11, 1891. Decided February 27, 1891.

Trover. Plaintiffs bring error. Reversed. The facts are stated in the opinion.

*Fletcher & Wanty*, for appellants, contended for the doctrine of the opinion.

*L. G. Rutherford* and *M. M. Houseman*, for defendant, contended:

1. The defendant had the right to introduce the writ of attachment to show his right to the possession of the goods at the time this action was brought. If the writ was fair upon its

---

[1] See *Wright v. Starks*, 77 Mich. 221, 226.
[2] See *Merrill v. Denton*, 73 Mich. 628 (head-note 3); *Williams v. Raper*, 67 Id. 427.

face, and the property taken under it was the property of the defendant in the attachment suit, the writ of attachment was a complete defense, and the vacating of the writ by the order of this Court would not make the defendant liable for executing it; citing *Livingston v. Smith*, 5 Pet. 90; *Walker v. Woods*, 15 Cal. 66; *Mamlock v. White*, 20 Id. 598.

2. Did the court err in directing a verdict for the defendant? This must depend upon whether there was evidence in the case showing a right to the possession of the property described in the declaration at the time the action was commenced. The plaintiffs must have a right to the possession of the goods; citing 2 Greenl. Ev. § 640; and to entitle them to recover they must show property in themselves, and the right of possession at the time of the conversion, and the conversion of the goods to defendant's use; citing *Iron Works v. Bresnahan*, 66 Mich. 489; *Ribble v. Lawrence*, 51 Id. 569; *Edwards v. Frank*, 40 Id. 616.

3. One who has neither possession nor the right to the present possession when the suit is commenced cannot maintain trover; citing *Axford v. Mathews*, 43 Mich. 327; *Stevenson v. Fitzgerald*, 47 Id. 166; *Foster v. Mining Co.*, 68 Id. 188.

4. The sheriff was legally in possession; the mortgage was not due, and no steps had been taken to declare it due. After demand, replevin might have been maintained, but not trover; and in this case plaintiffs have had all the benefit of replevin.

GRANT, J. One Henry Newman, being indebted to plaintiffs in the sum of $700, on December 26, 1889, executed to them a chattel mortgage on his stock of goods, which consisted of gentlemen's furnishing goods, clothing, hats, caps, boots, and shoes. This mortgage provided for future advances by the plaintiffs, and also covered after-acquired goods. On December 28 unsecured creditors sued out a writ of attachment from the circuit court of Kent county against said Newman, and levied upon this mortgaged stock. The mortgage provided that the mortgagees might take possession whenever they should deem the claim secured by the mortgage to be in jeopardy. After the levy the plaintiffs placed a man in joint possession with the sheriff, by his consent, while the inventory was being taken. After the inventory was completed,

plaintiffs demanded possession under their mortgage. Defendant refused possession, and announced that he held the goods in defiance of the mortgage. On being informed that plaintiffs would bring suit against him, he asked plaintiffs to wait until he got his bond, and then he did not care if they did sue him. Plaintiffs in the attachment suit gave the defendant a bond, and afterwards plaintiffs brought this suit in trover. The circuit judge directed a verdict for the defendant, and plaintiffs appealed. The circuit judge based his direction upon the ground that plaintiffs should have declared the mortgage to be due before they demanded possession. The attachment proceedings were void, and the circuit court was directed by this Court, upon a writ of *mandamus,* to quash them.[1]

The mortgage fixed no time when the $700 were to become due and payable. They, therefore, became due at once. *Bearss v. Preston,* 66 Mich. 11. It is true that the mortgage contemplated that the mortgagor might continue in possession, and carry on his business in the usual way. It is unnecessary to determine in this case whether or not, as against the mortgagor, the mortgage might be foreclosed immediately after its execution for the non-payment of the $700. The whole stock had been seized by the writ of attachment, and the mortgagor was thus prevented from carrying on his business in the customary manner. Under these circumstances plaintiffs' might well consider their claim in jeopardy, and proceed under the terms of the mortgage to take possession of the goods.

The expression in this mortgage that the mortgagees might take possession whenever they considered their claim in jeopardy is equivalent to the usual provision for

---

[1] See *Newman v. Burch, Circuit Judge,* decided January 28, 1890; no opinion being filed.

taking possession when the mortgagees consider themselves insecure. This Court has held that, under similar clauses in chattel mortgages, mortgagees are entitled to possession before condition broken, and may maintain trover as against those who wrongfully interfere with their possession. *Grove v. Wise*, 39 Mich. 161; *Botsford v. Murphy*, 47 Id. 536. Plaintiffs were entitled to bring replevin or trover. The circuit judge should have directed a verdict for the plaintiffs.

Judgment is reversed, with the costs of this Court, and a new trial ordered.

The other Justices concurred.