## STEARNS v. OBERLE.

(Supreme Court, Appellate Term.    May 23, 1905.)

1. CHATTEL MORTGAGES—WHEN DUE.

Where a mortgage fixes no time for the payment of the debt, it is due immediately upon the execution of the mortgage, and the mortgagee may foreclose at any time.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Chattel Mortgages, § 521.]

2. SAME—TITLE OF MORTGAGEE.

A mortgagee under a chattel mortgage takes title at once, and retains it until it is divested by payment.

[Ed. Note.—For cases in point, see vol. 9, Cent. Dig. Chattel Mortgages, § 216.]

3. SAME—ALTERATION—EFFECT.

The alteration of a chattel mortgage after execution and delivery does not divest the title acquired by a purchaser under the paper as made.

Appeal from City Court of New York.

Action by Walter H. Stearns against Jacob F. Oberle. From a judgment for plaintiff and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before SCOTT, P. J., and TRUAX and DOWLING, JJ.

Roderick Bogg (Wayne M. Musgrave, of counsel), for appellant. David C. Myers, for respondent.

SCOTT, P. J. Although the case is bare of exceptions, still it was tried and submitted to the jury upon such a total misconception of the law that justice requires, in my opinion, that there should be a new trial. The learned justice charged the jury as follows:

"I charge you, as a matter of law, that if you mortgage a chattel for a certain sum of money, and you make no default of any kind or nature, the mortgagee has no title and derives no title to that mortgage unless there is a failure of payment. In other words, the mortgagee had no more right to

take this automobile than you or I or any other individual had of going into this place and taking it."

Of course, the learned justice could not have meant to charge the jury that a mortgagee had no title to the mortgage itself until after default in payment. What he doubtless meant to convey to the jury was that the mortgagee had no title to the chattels mortgaged until after default. But this is erroneous. A mortgagee under a chattel mortgage takes title at once to the mortgaged chattels, and retains it unless his title be divested by payment. As to the right of the mortgagee under this particular mortgage to take possession of the property, the learned justice overlooked—probably because his attention was not directed to it—the fact that no time is fixed by the mortgage for the payment of the debt. In legal effect, this made the debt payable immediately upon the execution of the mortgage, no demand for payment was requisite, and the mortgagee might foreclose at any time. It was erroneous, therefore, to charge the jury, as matter of law, that the mortgagee had no right to have taken possession of and sold the automobile. It is testified to that the chattel mortgage was altered after plaintiff signed it, but it is not shown by whom or under what circumstances the alteration was made, or even that it was not done with plaintiff's consent. Such alterations, at all events, were made after the execution of the instrument, and the automobile sued for was in the original mortgage. I do not think that the alteration of an instrument of this nature, after execution and delivery, divests the title of a purchaser acquired under the paper as made. The result of the judgment appears to work an injustice. The plaintiff admittedly borrowed $300, and gave a mortgage upon this automobile as security. At the most, he has paid but $120 of the loan; treating his payments of $30 a month as payments on account of the principal. The defendant, apparently an innocent purchaser, has paid $85 for the automobile, and now finds himself compelled either to give it back, or pay the plaintiff $1,000, besides a bill of costs, while plaintiff is to get back his automobile, notwithstanding at least $180 of the debt for which it was pledged remains unpaid.

The judgment should be reversed, and a new trial granted, with costs to appellant to abide the event. All concur.