PAUL GROVE, Plaintiff, *v.* JOSEPH C. PLOSZCZYKA, Defendant.

Supreme Court, Erie County, February 5, 1942.

*Jacob Weissfeld* [*William J. Sernoffsky* of counsel], for the plaintiff.
*Joseph S. Kaszubowski*, for the defendant.

HINKLEY, J. This is a motion for a new trial. On June 21, 1941, plaintiff sold to defendant a second-hand tractor and auto-

mobile carrier for $850. Defendant paid $400 and gave back a chattel mortgage, crudely, improperly and incompletely drawn. It recited that the balance of $450 was to be paid $10 per trip beginning August fifteenth. The defendant made no payments, and on December 2, 1941, plaintiff by replevin repossessed the property.

There is authority for the claim that where no time is specified in a mortgage for an existing debt, and no other valid agreement, it is due immediately. (*Howland* v. *Willett*, 5 N. Y. Super. Ct. 607; 3 Sandf. 607, citing cases; *Dikeman* v. *Puckhafer*, 1 Daly, 489; 11 C. J. § 158, p. 495; 14 C. J. S. § 109, p. 721; *Stearns* v. *Oberle*, 47 Misc. 349; *Bearss* v. *Preston*, 66 Mich. 11; 32 N. W. 912; *McGraw* v. *Bishop*, 85 Mich. 72; 48 N. W. 167.)

There is also authority for the claim that where the mortgage specifies an impossible time such as one in advance of the giving of the mortgage, then the mortgage is due immediately. (*Fuller* v. *Acker*, 1 Hill, 473; Eager on Chattel Mortgages and Conditional Sales, § 213, p. 292; Griffin and Curtis on Chattel Mortgages [5th ed.], § 168, p. 173.)

The cases, however, do not cover the exact language of the chattel mortgage in the instant case. Here there is no actual calendar date but the contract contemplated the use of the property and definite payment according to such use.

The plaintiff contended upon the trial that the defendant did not try to use the carrier. The defendant claimed that the carrier was unsafe and that when repaired he could not obtain business due to war conditions which have now stopped the sale of motor cars.

The court submitted to the jury two questions:

*First.* Had the plaintiff waited a reasonable length of time before taking possession of the chattels?

*Second.* Did the plaintiff act in good faith by proceeding to replevin the chattels because he deemed his security unsafe?

The jury answered both questions in the negative and awarded possession of the chattels to the defendant.

There was no evidence offered upon the trial as to the market value of the chattel nor any proof of alternative damages.

There is some authority for the claim that where no time is fixed the law steps in and requires performance within a reasonable time. (1 Jones on Chattel Mortgages and Conditional Sales, p. 161, § 87; *Byram* v. *Gordon*, 11 Mich, 531, 534.) The case last cited apparently is reversed by the above cited later Michigan cases.

The court believed at the close of the evidence that the absence of a calendar date of payment and the failure to fix a definite due date other than one that rested upon the will of the purchaser, made the mortgage given for an existing debt immediately due. This seemed to be a matter of first impression in New York State. The court felt that as a practical matter a verdict of the jury should be secured in the event that upon appeal it should be held that under the circumstances of the case the court must step in and fix a reasonable time for payment.

Upon more mature consideration the court is convinced that the verdict of the jury was against the weight of the evidence and that as matter of law the plaintiff, having waited over three months and receiving no payment, was justified and acted in good faith in repossessing the chattels, as the mortgage being for a pre-existing debt was due at that time.

The court reserved its decision on the motion of plaintiff for a nonsuit and direction of a verdict. Upon this motion the verdict of the jury is set aside and judgment directed for the plaintiff awarding to him possession of the chattels.