■ In the Matter of JOHN SVENNINGSEN et al., Appellants, v JOHN A. PASSIDOMO, as Supervisor of the Town Board of Harrison, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the respondents which, after hearings, rejected petitioners' application to tie into the respondent Town of Harrison's sewer line unless certain conditions were met, petitioners appeal from a judgment of the Supreme Court, Westchester County (Wood, J.), dated September 30, 1982, which dismissed the proceeding. Judgment reversed, on the law, without costs or disbursements, petition granted, determination annulled, and petitioners' application to tie into respondent Town of Harrison's sewer line granted. Petitioners own a parcel of property located partly in the City of Rye and partly in the Town of Harrison. On that part of the parcel located in the City of Rye is a one-story masonry structure previously used as a warehouse, which petitioners seek to convert to office space. The City of Rye has conditioned its approval of the conversion on petitioners' ability to hook-up with the South Road sewer line in the Town of Harrison. The South Road line is the only sewer line reasonably proximate to petitioners' property. The Town of Harrison has conditioned its approval of the sewer connection on certain limitations, to wit, that the occupancy of the existing building shall be limited to 54 employees and to no more than 50 parking spaces. Petitioners brought this proceeding claiming that the restrictions are not reasonably related to a request for a sewer hook-up. Special Term found that the actions of the respondents were not arbitrary, capricious or an abuse of discretion. We disagree. Pursuant to section 198 of the Town Law, the Town of Harrison has the power to construct and maintain sewers as well as the power to adopt ordinances, rules and regulations for the use of the sewer system (see, also, 11 McQuillin, Municipal Corporations, § 31.30). Pursuant to subdivision 7 of section 64 of the Town Law the town is empowered to consent to the use of the space below the streets "upon such terms and conditions as it may deem proper and as may be permitted by law". There are no specific standards in the Town Law to guide the town board in deciding whether a sewer hook-up should be granted. Petitioners do not have an automatic right to the sewer connection without the consent of the town (11 McQuillin, Municipal Corporations, § 31.31). Yet any determination by the town made in this regard must be rationally based (*Matter of Bologno v O'Connell,* 7 NY2d 155). Administrative discretion must be guided by an express or clearly implied standard, policy or purpose (*Matter of Bologno v O'Connell, supra*). Statutes enacted concerning the regulation of sewers are for the purpose of maintaining the public health (see *Matter of Charles v Diamond,* 41 NY2d 318; *Town of Lima v Harper,* 55 AD2d 405; *Westwood Forest Estates v Village of South Nyack,* 23 NY2d 424). Thus any determination as to the connection of sewers must take into account the affect on the public health and any discretion exercised must be limited to questions concerning public health

(see *Matter of Bologno v O'Connell, supra,* pp 159-160). In the case at bar, petitioners' application was rejected, *inter alia,* because of the potential increase in traffic. There is no indication in the record that such increase would adversely impact on the Town of Harrison's sewer system. Rather, the objections raised by residents of the town included damage to the visual aesthetics of the area. Protest was also voiced as to the amount of truck traffic through the residential area. Such traffic, however, would be substantially lessened by the conversion of the building from a warehouse to an office building. Thus, not only were the objections to petitioners' application not relevant to the availability of the sewer hook-up, but the objection as to the traffic problem was not supported by the record. The town has a right pursuant to its police powers to prevent conditions dangerous to public health, but any restrictions or limitations in that regard must be kept within the limits of necessity (*Matter of Belle Harbor Realty Corp. v Kerr,* 35 NY2d 507, 511). The town cannot act solely to appease community opposition to a lawful use in the community (*Matter of Belle Harbor Realty Corp. v Kerr, supra,* p 512). A town board may not, in effect, spot rezone property under the guise of imposing conditions upon the issuance of a sewer permit where such conditions are irrelevant as to the issuance of such a permit. In a first agreement drafted by the town attorney in response to petitioners' application, it was noted that the South Road sewer line was "readily available" to petitioners' property. Absent a showing that petitioners' hook-up would adversely affect the sewer line, and thus the public health, respondents' rejection of the application was an abuse of discretion. Mollen, P. J., Titone, Weinstein and Rubin, JJ., concur.