■ INCORPORATED VILLAGE OF BABYLON et al., Respondents, v JOHN ANTHONY'S WATER CAFE, INC., et al., Appellants.—In an action for an injunction, the defendants appeal from an order of the Supreme Court, Suffolk County (Gerard, J.), entered June 11, 1987, which, *inter alia,* granted the plaintiffs' application for a preliminary injunction (1) enjoining the defendants from permitting in excess of 201 people on the second floor of the premises and (2) ordering the removal of certain structures from the defendant's premises and ordering that in the event the structures were not removed by a certain time, the premises are to be closed and further use of the premises shall be enjoined.

Ordered that the order is affirmed, with costs.

The record reveals that the defendants constructed additions to the outside deck of their premises which consisted of a gazebo, clam bar, flower boxes, benches, tables, chairs and an iron railing which were not existing or approved at the times when the building permit and certificate of occupancy for the premises were issued. The previous certificate of occupancy issued to the defendants was revoked on May 26, 1987. The defendants have continued to operate the premises without a new certificate of occupancy.

The testimony adduced at the hearing on this matter indicates that the Code Enforcement Officer and the Building Inspector of the plaintiff village entered the defendants' premises on numerous occasions and that on each such occasion found the number of persons present on the second floor to far exceed the number permitted by the original certificate of occupancy. Moreover, they testified that the overoccupancy of the premises and the structures on the deck created a condition hazardous to the public health, safety and welfare by blocking access to the street.

We agree with the Supreme Court that the plaintiffs have met their burden of establishing their entitlement to the relief requested *(see,* CPLR 6301; *County of Orange v Lockey,* 111 AD2d 896). Section 248-260 of the Code of the Village of Babylon provides that "the Building Inspector shall revoke any Certificate of Occupancy issued for any premises upon his inspection and his finding that said premises or the use thereof fail to comply in all respects with the provisions of the chapter of that said premises, in his determination and his judgment, are maintained in a condition dangerous, unsafe and hazardous to life, limb and health".

A town has the right pursuant to its police powers, to prevent conditions dangerous to public health *(Matter of Svenningsen v Passidomo,* 95 AD2d 833, *affd* 62 NY2d 967). "[I]t is not for [the] court to determine finally the merits of an action upon a motion for preliminary injunction; rather, the purpose of the interlocutory relief is to preserve the *status quo* until a decision is reached on the merits * * * Viewed from this perspective, it is clear that the showing of a *likelihood* of success on the merits required before a preliminary injunction may be properly issued must not be equated with the showing of a *certainty* of success" *(Tucker v Toia,* 54 AD2d 322, 325-326).

We, therefore, find that the Supreme Court did not abuse its discretion in granting the plaintiffs' application for a preliminary injunction *(Gambar Enters. v Kelly Servs.,* 69 AD2d 297). Kunzeman, J. P., Eiber, Kooper and Harwood, JJ., concur.