■ · LARO MAINTENANCE CORP. et al., Respondents, v JOHN J. CULKIN et al., Appellants. [681 NYS2d 79] —In an action, *inter alia,* for injunctive relief, the defendants appeal from an order of the Supreme Court, Suffolk County (Dunn, J.), dated January 2, 1998, which, after a hearing, granted the plaintiffs' motion for a preliminary injunction prohibiting them from contacting or soliciting certain customers of the plaintiffs pending the resolution of the action.

Ordered that the order is affirmed, with costs.

In order to obtain preliminary injunctive relief, the movant must demonstrate a likelihood of ultimate success on the merits, irreparable harm in the absence of the injunction, and a balancing of the equities in its favor (*see, Aetna Ins. Co. v Capasso,* 75 NY2d 860; *Grant Co. v Srogi,* 52 NY2d 496; *Consolidated Edison Co. v Gallagher,* 244 AD2d 447). The Supreme Court correctly determined that the plaintiffs, former employers of the individual defendants, met their burden in this case. The plaintiffs came forward with strong evidence that (1) the individual defendants misappropriated and utilized proprietary information and trade secrets in competing with the

plaintiffs (*cf., Ashland Mgt. v Janien,* 82 NY2d 395; *Price Paper & Twine Co. v Miller,* 182 AD2d 748), (2) the continued improper solicitation of their clients would result in irreparable harm (*see generally, Tulchin Assocs. v Vignola,* 186 AD2d 183), and (3) the failure to grant preliminary injunctive relief would cause greater injury to them than the imposition of the injunction would cause to the defendants (*see generally, Klein, Wagner & Morris v Lawrence A. Klein, P. C.,* 186 AD2d 631). Moreover, the defendants' contention that the preliminary injunction is overly broad lacks merit. The preliminary injunction is reasonably limited in scope, since it temporarily prohibits the defendants from contacting or soliciting those customers of the plaintiffs who previously were served by the individual defendants when they were employed by the plaintiffs. Copertino, J. P., Sullivan, Krausman and Florio, JJ., concur.