■ Clarion Associates, Inc., Respondent, v D.J. Colby Co., Inc., Appellant. [714 NYS2d 99] —In an action, *inter alia,* to recover damages for breach of fiduciary duty, the defendant appeals from (1) a decision of the Supreme Court, Suffolk County (Oliver, J.), dated March 26, 1999, and (2) so much of an order of the same court dated May 18, 1999, as, upon the decision, and upon the plaintiff posting an undertaking in the amount of $50,000, granted the plaintiff's motion for a preliminary injunction to the extent of preliminarily enjoining the defendant from (a) using or disclosing information in the plaintiff's book of expirations for solicitation or generation of business, (b) soliciting business by any advertisement directed to the plaintiff's

customers (who were defined as those individuals or entities for whom insurance was placed by the plaintiff with the defendant), except that it was permitted to place advertisements in terms directed to the industry or individuals generally, and not directed to groups or organizations, (c) directly soliciting business, after obtaining names of individual potential customers from public documents, only, primarily, or disproportionately from those individual potential customers for whom the plaintiff is the agent, (d) directly soliciting business, after obtaining names of individual potential customers from public documents, in terms other than generally applicable terms or with reference to the plaintiff, or with reference to renewal of a policy with the defendant or the Hartford Insurance Company, and (e) soliciting business from any group or organization that is the plaintiff's customer, unless such group or organization contacts it after viewing a permissible advertisement.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the order is modified by (a) deleting so much of the third decretal paragraph thereof as enjoined the defendant from placing advertisements in terms directed to groups or organizations, (b) deleting so much of the fourth decretal paragraph thereof as enjoined the defendant from directly soliciting business, after obtaining the names of individual potential customers from public documents, only, primarily, or disproportionately from those individual potential customers for whom the plaintiff is the agent, and substituting therefor a provision enjoining the defendant from directly soliciting business from the plaintiff's individual customers, and (c) deleting so much of the fourth decretal paragraph thereof as enjoined the defendant from directly soliciting business, after obtaining names of individual potential customers from public documents, in terms other than generally applicable terms; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

To obtain preliminary injunctive relief, the movant must demonstrate a likelihood of success on the merits, irreparable harm in the absence of an injunction, and a balancing of the equities in its favor (see, Aetna Ins. Co. v Capasso, 75 NY2d 860; Grant Co. v Srogi, 52 NY2d 496; CPLR 6301, 6312 [a]). In the instant case, the plaintiff, an independent insurance agent, demonstrated that (1) there exists a likelihood of success on the merits on its claim that the defendant, a general insurance agent, misappropriated and utilized confidential information in

contacting and soliciting the customers contained in the plaintiff's book of expirations (*see generally, Matter of Corning,* 108 AD2d 96; *National Fire Ins. Co. v Sullard,* 97 App Div 233), (2) the continued improper contact and solicitation of its customers would result in irreparable harm (*see, Laro Maintenance Corp. v Culkin,* 255 AD2d 560; *Nassau Soda Fountain Equip. Corp. v Mason,* 118 AD2d 764; *Wyndham Co. v Wyndham Hotel Co.,* 176 Misc 2d 116, 126, *affd* 261 AD2d 242), and (3) the failure to grant preliminary injunctive relief would cause greater injury to it than the imposition of the injunction would cause to the defendant (*see generally, McLaughlin, Piven, Vogel v Nolan & Co.,* 114 AD2d 165, 174).

To the extent that the preliminary injunction enjoined the defendant from soliciting business from potential customers who are not individuals or entities for whom insurance had been placed by the plaintiff with the defendant, it is not justified by the facts alleged (*see, e.g., Peekskill Coal & Fuel Oil Co. v Martin,* 279 App Div 669). Accordingly, the scope of the preliminary injunction is limited to the extent indicated. O'Brien, J. P., Altman, Krausman and Schmidt, JJ., concur.