■ In the Matter of MERSCORP, INC., et al., Appellants, v EDWARD P. ROMAINE et al., Respondents. [743 NYS2d 562] —In a hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus, inter alia, to compel the Suffolk County Clerk to record and index instruments that name Mortgage Electronic Registration Systems, Inc., as the lender's nominee or the mortgagee of record, and an action for a judgment declaring that these instruments are acceptable for recording, the petitioners appeal, by permission, from an order of the Supreme Court, Suffolk County (Catterson, J.), entered May 22, 2001, which denied their motion for a preliminary injunction.

Ordered that the order is reversed, without costs or disbursements, and the motion for a preliminary injunction is granted pending the Supreme Court's determination of the hybrid proceeding and action on the merits.

The petitioners, Merscorp, Inc. (hereinafter Merscorp), and its subsidiary, Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), operate a national electronic registration system (hereinafter the MERS System) for residential mortgages and related instruments (hereinafter MERS Instruments). In essence, lenders who subscribe to the MERS System (hereinafter MERS Members) designate MERS as their nominee or the "mortgagee of record" for the purpose of

recording MERS Instruments in the county where the subject real property is located. The MERS Instruments are registered in a central database, which tracks all future transfers of the beneficial ownership interests and servicing rights among MERS Members. As of May 2001, the MERS System had recorded more than four million MERS Instruments in more than 3,000 counties in all 50 states, including more than 16,000 MERS Instruments in Suffolk County.

On April 5, 2001, the Attorney General issued Informal Opinion No. 2001-2 (2001 Atty Gen [Inf Ops] 2001-2) in response to two questions posed by the Nassau County Clerk regarding the latter's obligation to record and index MERS Instruments. Although the Attorney General concluded that the Nassau County Clerk had a statutory duty under Real Property Law § 291 to record MERS Instruments if they were duly acknowledged and accompanied by the proper fee, he advised the Nassau County Clerk to list the MERS Instruments in the County's alphabetical indexes under the names of the actual lenders. Based in part on the Attorney General's Informal Opinion, the Suffolk County Clerk announced that as of May 1, 2001, he would no longer accept MERS Instruments which listed MERS as the mortgagee or nominee of record unless MERS was, in fact, the actual mortgagee.

Simultaneously with commencing this hybrid proceeding and action, Merscorp and MERS moved, inter alia, for a preliminary injunction to compel the Suffolk County Clerk to record MERS Instruments and list MERS as the mortgagee in the County's alphabetical mortgagee-mortgagor indexes for recorded conveyances. Although the Supreme Court, Suffolk County (Bivona, J.), granted the request of Merscorp and MERS for a temporary restraining order on May 2, 2001, the same court (Catterson, J.), subsequently denied their request for a preliminary injunction on May 22, 2001.

It is well established that the decision to grant or deny a preliminary injunction lies within the sound discretion of the Supreme Court (*see Doe v Axelrod,* 73 NY2d 748, 750). In exercising that discretion, however, the Supreme Court must consider several factors, including whether the moving party has established (1) a likelihood of success on the merits, (2) irreparable harm if the injunction is denied, and (3) a balance of the equities in favor of the injunction (*see* CPLR 6301, 6312 [a]; *Grant Co. v Srogi,* 52 NY2d 496, 517; *Clarion Assoc. v Colby Co.,* 276 AD2d 461). Upon our review of the record, we find that the Supreme Court failed to set forth specific findings with respect to the tripartite test for injunctive relief and

improvidently exercised its discretion in denying the motion for preliminary injunctive relief.

Merscorp and MERS demonstrated a reasonable probability of success on the merits of its claim for a writ of mandamus to compel the Suffolk County Clerk to record MERS Instruments (*see Klostermann v Cuomo,* 61 NY2d 525, 539). Contrary to the contention of the Suffolk County Clerk, he has a statutory duty that is ministerial in nature to record a written conveyance if it is duly acknowledged and accompanied by the proper fee (*see* Real Property Law § 290 [3]; § 291; County Law § 525 [1]). Accordingly, the Clerk does not have the authority to refuse to record a conveyance which satisfies the narrowly drawn prerequisites set forth in the recording statute (*see People ex rel. Frost v Woodbury,* 213 NY 51; *People ex rel. Title Guar. & Trust Co. v Grifenhagen,* 209 NY 569; *Matter of Westminster Hgts. Co. v Delany,* 107 App Div 577, *affd* 185 NY 539; *Putnam v Stewart,* 97 NY 411).

This Court notes that the Suffolk County index is governed exclusively by Real Property Law § 316-a. Real Property Law § 316-a (1) provides that the Suffolk County Clerk shall record and index *"[e]very instrument affecting real estate or chattels real,* situated in the county of Suffolk * * * which shall have been recorded in the office of the [C]lerk of said county * * * pursuant to the provisions of this act"* (emphasis supplied). Pursuant to Real Property Law § 316-a (2), the Suffolk County Clerk must maintain the indexes so they "contain the date of recording of each instrument, *the names of the parties to each instrument* and the liber and page of the record thereof and shall be substantially the forms of the schedules hereto annexed" (emphasis supplied; *see also* Real Property Law § 316-a [5]).

Therefore, in light of Real Property Law § 316-a, Merscorp and MERS also demonstrated a reasonable probability of success on the merits of their claim to compel the Suffolk County Clerk to perform his ministerial duty to index MERS Instruments as the language of Real Property Law § 316-a is mandatory and not permissive (*see Klostermann v Cuomo, supra* at 539).

Moreover, to the extent that the Suffolk County Clerk has recorded approximately 16,000 MERS Instruments before May 1, 2001, MERS established irreparable harm to its business operation, the mortgage lending industry, and the general public, in the absence of a preliminary injunction compelling the Suffolk County Clerk to record and index MERS Instruments (*see Clarion Assoc. v Colby Co., supra; McLaughlin, Piven,*

*Vogel v Nolan & Co.,* 114 AD2d 165, 174), particularly since Real Property Law § 316-a (8), (9) and (10) sets forth a mechanism for correcting any mistakes in the indexes.

Under these circumstances, a preliminary injunction should be granted to maintain the status quo while the legal issues are determined in a deliberate and judicious manner (*see Moody v Filipowski,* 146 AD2d 675, 678; *Incorporated Vil. of Babylon v Anthony's Water Cafe,* 137 AD2d 791, 792; *Tucker v Toia,* 54 AD2d 322, 326). S. Miller, J.P., Krausman and Cozier, JJ., concur.

Goldstein, J., concurs in the result, with the following memorandum: Although I do not necessarily agree with my colleagues that there is a likelihood of success on the merits, I nevertheless concur in granting a preliminary injunction, as the Supreme Court failed to take into consideration and address the other factors which must be taken into account, namely, irreparable harm to the movant absent the granting of a preliminary injunction, and a balancing of the equities (*see Melvin v Union Coll.,* 195 AD2d 447, 448). Where, as here, the case involves issues of first impression in the courts, it is appropriate to grant a preliminary injunction, " 'to hold the parties in *status quo* while the legal issues are determined in a deliberate and judicious manner' " (*Time Sq. Books v City of Rochester,* 223 AD2d 270, 278, quoting *Tucker v Toia,* 54 AD2d 322, 326; *State of New York v City of New York,* 275 AD2d 740; *Sau Thi Ma v Xuan T. Lien,* 198 AD2d 186).