■ UNION BANCAIRE PRIVEE, Appellant, v EZEQUIEL E. NASSER et al., Respondents. [751 NYS2d 440] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered July 9, 2001, which, upon the prior grant of defendants' motion to dismiss upon grounds of improper venue and forum non conveniens, dismissed the complaint, unanimously affirmed, with costs.

"[I]n the light of present-day commercial realities and expanding international trade * * * [a] forum clause should control absent a strong showing that it should be set aside" (*M/S Bremen v Zapata Off-Shore Co.*, 407 US 1, 15). No such showing was made here. Contrary to plaintiff's argument, the parties' contractual selection of Brazil as the forum for litiga-

tion of controversies such as this one, particularly when accompanied as it is by the proviso that Brazilian law shall apply to such controversies, is binding; it does not, by failing explicitly to bar litigation in other venues, merely permit, but not mandate, litigation in Brazil. It is the policy of the courts of this state to enforce contractual choice of law and forum selection provisions and "[t]his Court will not require a more explicit expression of consent to the jurisdiction of the courts of a particular State, especially where the law of the designated forum is exclusively applicable to the controversy" (*Koob v IDS Fin. Servs.*, 213 AD2d 26, 33-34).

In any event, the court weighed the appropriate factors and properly exercised its discretion in dismissing this action pursuant to the doctrine of forum non conveniens, the lack of any substantial nexus between this action and New York having been demonstrated, the witnesses, records and transactions at issue being predominantly situated in Brazil (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479, *cert denied* 469 US 1108).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Buckley, Sullivan and Lerner, JJ.