■ RICHTREE INC. et al., Appellants, v MÖVENPICK HOLDING A.G. et al., Respondents, et al., Defendant. [752 NYS2d 871] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered June 27, 2002, which granted defendants' motion to dismiss the complaint on the ground of forum non conveniens, unanimously affirmed, with costs.

This is an action by a Canadian franchisee and its Delaware subsidiary against Swiss-based franchiser companies alleging breach of contract and tortious conduct by the franchiser companies to prevent plaintiffs from fulfilling obligations of a 1996 United States franchise agreement and thereby obtaining sole and exclusive franchise rights to open Mövenpick restaurants throughout the United States. The motion court properly exercised its discretion in holding that defendants had demonstrated that the balance of the relevant factors (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, *cert denied* 469 US 1108) tipped in favor of dismissal of this New York action and resolution of the parties' dispute in an Ontario proceeding: neither plaintiffs nor defendants are New York residents; the action concerns a franchise agreement that was neither negotiated nor executed in New York; the franchise agreement expressly provides that actions arising from it are to be governed by Ontario law and that the parties consent to Ontario jurisdiction; and there are multiple proceedings pending in Ontario, including one in which defendants seek declaratory relief dispositive of the precise issue upon which plaintiffs herein seek a declaration. Plainly, plaintiffs are capable of advancing the claims they would pursue here in Ontario. That the complaint contains allegations to the effect that defendants interfered with plaintiffs' efforts to obtain financing to open a New York restaurant, proof of which might require testimony from the New York contractors, potential local financiers, and Port Authority employees, does not, on balance, justify burdening a New York court with resolution of a dispute arising from an agreement negotiated and executed by foreign parties outside the United States, calling for the application of foreign law, and necessitating the testimony of foreign parties who are already litigating Canadian actions over the precise issues that plaintiffs seek to litigate here (*see Chawafaty v Chase Manhattan Bank*, 288 AD2d 58, *lv denied* 98 NY2d 607). Concur—Nardelli, J.P., Tom, Mazzarelli, Andrias and Saxe, JJ.