■ MARTINA HINGIS, Appellant, v SERGIO TACCHINI, S.P.A., Respondent. [758 NYS2d 12] —Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered on or about September 30, 2002, which, in an action by a professional tennis player seeking compensatory and punitive damages for defendant sportswear manufacturer's provision of tennis shoes that were unsuitable for use in competition and caused plaintiff injury, failure to correct the defective tennis shoes after learning of plaintiff's injury, and efforts to prevent plaintiff from securing a new endorsement agreement, insofar as appealed from, granted defendant's motion to dismiss the complaint on the ground of forum non conveniens, unanimously affirmed, without costs.

The balance of relevant factors weighs against retention of the action (*see Islamic Republic of Iran v Pahlavi*, 62 NY2d 474, 479 [1984], *cert denied* 469 US 1108 [1985]): neither party is a New York resident; the action involves an endorsement contract that was neither negotiated nor signed in New York; the endorsement contract provides that it "shall be governed by the law of Italy" and that any claims connected with it are to tried in the courts of Milan, Italy; and a previous commenced action involving this same contract and these same alleged torts is pending in Milan (*see Richtree Inc. v Movenpick Holding*, 301 AD2d 412 [2003]; *see also Union Bancaire Privee v Nasser*, 300 AD2d 49 [2002]). In addition, it appears that plaintiff's injury was sustained over a period of more than a year during which she had competed all over the world wearing defendant's shoes. That plaintiff happened to receive treatment for the injury in New York, among other places, does not create a connection with New York so substantial as to warrant retention of the action. Since any action in New York would be governed by Italian law, it does not avail plaintiff that punitive damages are unavailable under Italian law. In any event, as the IAS court found, under New York law, plaintiff's claim for punitive damages is at best dubious, and all of plaintiff's other claims herein have substantial equivalents under Italian law. Concur—Mazzarelli, J.P., Sullivan, Ellerin, Friedman and Gonzalez, JJ.