OPINION OF THE COURT
Diana A. Johnson, J.
2688 Pitkin Avenue, LLC moves for an order vacating the judgment of foreclosure and sale dated February 3, 2006; granting 2688 Pitkin Avenue, LLC leave to intervene in this action; amending the caption to include 2688 Pitkin Avenue, LLC as a party defendant; and compelling plaintiff to accept the answer of 2688 Pitkin Avenue, LLC.
Plaintiff opposes the motion as does Vanessa Assanah (the purchaser at foreclosure) adopting the arguments advanced by the plaintiff.
On May 27, 2004 Najem A. Ibrahiem conveyed title of 2688 Pitkin Avenue to 2688 Pitkin Avenue, LLC. The deed was recorded by the City Register of the City of New York on July 12, 2004 at 3:27 p.m. (exhibit A to motion). On July 12, 2004 plaintiff commenced a foreclosure action to foreclose a certain tax lien by filing a summons, complaint and notice of pendency in the Kings County Clerk’s office. The notice of pendency was filed at 1:50 p.m. (exhibit C to affirmation in opposition). On February 3, 2006 a judgment of foreclosure and sale was signed by this court and filed March 2, 2006 in the Kings County Clerk’s office. On April 20, 2006 a foreclosure sale was held resulting in the sale to Vanessa Assanah.
Movant 2688 Pitkin Avenue, LLC argues that as it was unaware of the foreclosure action and was not named in the foreclosure proceeding, the foreclosure judgment and subsequent sale to Vanessa Assanah are invalid.
Plaintiff in opposition argues that as New York has a race statute and its notice of pendency was filed before the recording of the deed on July 12, 2004 (1:50 p.m. versus 3:27 p.m.), 2688 Pitkin Avenue, LLC was on constructive notice of the foreclosure action and became owner subject thereto.
In reply movant points out that the deed was submitted to the City Register for recording on June 23, 2004, 20 days prior to plaintiff filing its notice of pendency. Movant argues that it would be inequitable to penalize it for the lag time between when the deed was submitted for recording and when it was actually recorded by the City Register’s office.
*296 After review of the papers presented the court requested supplemental papers addressing: (1) statutes and Administrative Code of the City of New York sections regarding recording of instruments, and (2) when is “recording” accomplished for purposes of constructive notice. Movant and plaintiff both submitted supplemental papers. Vanessa Assanah did not make a supplemental submission.
The law is clear that where the foreclosure action is commenced and the notice of pendency is filed before the deed is recorded the purchaser is on constructive notice of the foreclosure action and his interest is effectively foreclosed upon the entry of the judgment of foreclosure. (Novastar Mtge., Inc. v Mendoza, 26 AD3d 479 [2d Dept 2006].) Such purchaser is bound by all proceedings in the action after the filing of the notice of pendency to the same extent as a party. (CPLR 6501.)
If on the other hand the deed is recorded prior to the notice of pendency being filed, then in order to effect that person’s rights that person must be named and served in the foreclosure proceeding. The failure to name and serve the person requires that the foreclosure and sale be set aside. (See Bank One Natl. Assn. v Osorio, 26 AD3d 452 [2d Dept 2006]; Hirsch v Syrota’s Auto Wreckers, 211 AD2d 621 [2d Dept 1995].)
The linchpin in determining this motion centers on what constitutes “recording” and when is it accomplished for purposes of giving constructive notice. The statutory definition of recording is contained in Real Property Law § 290 (5) which provides that “ ‘[recording’ or ‘recorded’ means the entry, at length, upon the pages of the proper record books .... ‘Recording’ or ‘recorded’ also means the reproduction of instruments by microphotography or other photographic process on film which is kept in appropriate files.”
In the case of Manhattan Co. v Laimbeer (108 NY 578, 585 [1888]), the Court of Appeals held with respect to when recording is accomplished as follows:
“In the matter of deeds and mortgages, it is constantly spoken of that such papers are recorded when left at the clerk’s office for such purpose; the theory of the law being that the record is made when delivered to the clerk for that purpose. The record is then considered to have been accomplished, and the physical act of transcribing the contents of the paper into a book, at length, is to be performed by the public officer; and it seems to me to be contrary *297 to reason and to principle, to hold an individual bound to such grave liabilities, as this case is an example of, founded upon the failure of a public officer to do an act prescribed by the statute.”
The Appellate Division, Second Department, in the case of Baccari v De Santi (70 AD2d 198 [1979]), assumed the continuing viability of this rule deeming the instrument recorded upon delivery putting the world on constructive notice of its contents with respect to when the clerk fails to record the instrument duly delivered to him for recording. The court distinguished this from an improperly recorded instrument holding that the erroneous indexing by the clerk fails to give constructive notice of the existence and contents of the instrument.
This judicial construction of when an instrument is considered recorded is mirrored in Real Property Law § 317 which provides that “[e]very instrument, entitled to be recorded, must be recorded by the recording officer in the order and as of the time of its delivery to him therefor, and is considered recorded from the time of such delivery.” Plaintiff argues that the deed had to be delivered to the county clerk to be deemed recorded upon delivery under Real Property Law § 317 and obtain the protection recording affords under Real Property Law § 291. However, the definition of recording officer contained in Real Property Law § 290 (4) provides that “[t]he term ‘recording officer’ means the county clerk of the county, except in a county having a register, where it means the register of the county.” As the City of New York of which Kings county is a subdivision has a register, the deed herein is considered recorded on June 23, 2004 when it was delivered to the borough office of the City Register of the City of New York. The contention advanced by plaintiff that June 23, 2004 was merely the date recording taxes and fees were paid to the Office of the City Register and that July 12, 2004 was the date the deed was received and recorded by the Kings County Clerk’s office is neither legally nor factually correct.*
Accordingly this court finds that as the deed is deemed or considered recorded on June 23, 2004, before the filing of the notice of pendency on July 12, 2004, plaintiff was on constructive notice of the deed. As such movant 2688 Pitkin Avenue, *298 LLC should have been named in the foreclosure action. Having failed to do so the judgment of foreclosure and the sale must be vacated.
Plaintiffs reliance on Goldstein v Gold (106 AD2d 100 [2d Dept 1984], affd 66 NY2d 624 [1985]) and its progeny for the proposition that in order to cut off a prior lien the purchaser must have no knowledge of the outstanding lien and win the race to the recording office is misplaced. Whether movant may have had notice (actual or constructive) of the tax lien, as it was recorded on August 8, 2001 and therefore a matter of public record, is not germane here. Here the lien is not being “cut off’ or extinguished. Movant 2688 Pitkin Avenue, LLC remains subject to the lien and stands in the shoes of the vendor Najem A. Ibrahiem obtaining no better title than he possessed. However in order to effect the rights of 2688 Pitkin Avenue, LLC, plaintiff is required to name and serve 2688 Pitkin Avenue, LLC in the foreclosure proceeding.
Accordingly movant 2688 Pitkin Avenue, LLC’s motion for an order vacating the judgment of foreclosure and sale dated February 3, 2006; granting 2688 Pitkin Avenue, LLC leave to intervene in this action; amending the caption to include 2688 Pitkin Avenue, LLC as a party defendant; and compelling plaintiff to accept the answer of 2688 Pitkin Avenue, LLC is granted. The referee is stayed from delivering a deed conveying title to 2688 Pitkin Avenue pending further order of the court.

 Plaintiffs belief that deeds are recorded in the Kings County Clerk’s office is mistaken. Deeds are not filed/recorded with the county clerk in Kings, New York, Queens or Bronx county, but are filed and recorded in the Office of the City Register in those respective counties.