■ HOMEOWNERS LOAN CORPORATION, Appellant, v JOSEPH W. RECCKIO, Also Known as JOSEPH W. RECCKIO, SR., et al., Defendants, and JOSEPH W. RECCKIO, JR., Also Known as JOSEPH W. RECCKIO, Respondent. [845 NYS2d 631]—

Appeal from an order of the Erie County Court (Michael F. Pietruszka, J.), entered July 21, 2006 in a mortgage foreclosure action. The order denied plaintiff's motion to dismiss the affirmative defense of defendant Joseph W. Recckio, Jr., also known as Joseph W. Recckio.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, to foreclose on certain mortgaged property. The property was owned by defendant father, and he conveyed a life estate in the property to his son pursuant to a settlement agreement (agreement). After entering into the agreement, defendant

father obtained the mortgage from plaintiff. County Court properly denied plaintiff's motion to dismiss the affirmative defense of defendant son that he has a duly recorded life estate in the property. Plaintiff contends that defendant son's life estate in the property was not properly recorded and thus is subordinate to plaintiff's mortgage. We reject that contention. The record establishes that defendant son recorded the agreement setting forth his life estate in the property before plaintiff filed and recorded the mortgage. The failure of the County Clerk's office to record the agreement in the proper book pursuant to Real Property Law § 290 (5) constitutes a ministerial error that did not void the recording, and the agreement is deemed recorded "as of the time of its delivery" to the recording officer (§ 317; *see Baccari v De Santi*, 70 AD2d 198, 202-203 [1979]; *see generally Matter of Merscorp, Inc. v Romaine*, 295 AD2d 431, 433 [2002]). Finally, we conclude that plaintiff failed to establish as a matter of law that it did not have constructive notice that defendant son had recorded the agreement, and we further conclude that plaintiff, a nonparty to the agreement, lacks standing to challenge as void defendant father's conveyance of the life estate to defendant son (*see generally Decolator, Cohen & DiPrisco v Lysaght, Lysaght & Kramer*, 304 AD2d 86, 90 [2003]). Present—Scudder, P.J., Gorski, Lunn, Peradotto and Green, JJ.