■ In the Matter of ABRAHAM NEUSTEIN, Deceased. AMY NEUSTEIN, Respondent, v Estate of ABRAHAM NEUSTEIN et al., Appellants. [921 NYS2d 154]—

In a probate proceeding in which an action, inter alia, pursuant to RPAPL article 15 to compel the determination of claims to real property, for ejectment, and for injunctive relief was transferred from the Supreme Court, Kings County, to the Surrogate's Court, Kings County, the defendants appeal, as limited by their brief, from so much of an interlocutory judgment of the Surrogate's Court, Kings County (Johnson, S.), dated January 28, 2010, as, after a nonjury trial, and upon a decision of the same court dated May 19, 2009, determining that a certain deed dated June 6, 2002, is null and void and dismissing their first affirmative defense, and upon a decision of the same court dated October 13, 2009, determining that a certain deed dated May 9, 2001, was not procured through the exercise of undue influence and dismissing their third affirmative defense, is in favor of the plaintiff and against them determining that the plaintiff holds in fee simple absolute certain real property as described in the deed dated May 9, 2001.

Ordered that the interlocutory judgment is affirmed insofar as appealed from, with costs.

"In reviewing findings made following a nonjury trial, this Court may render the judgment it finds warranted by the facts, taking account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Campbell v Campbell*, 50 AD3d 614, 615 [2008]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *Melius v Breslin*, 46 AD3d 524, 525 [2007]). In this case, the testimony established that the deed dated June 6, 2002, was not "entitled to be recorded" until it was resubmitted with the appropriate fees attached (Real Property Law § 317; *see* Real Property Law § 291; *see also Manton v Brooklyn & Flatbush Realty Co.*, 217 NY 284, 288 [1916]). Accordingly, upon our review of the record, we find no error in the determination of the Surrogate that since the deed dated June 6, 2002, was not recorded, it was not delivered to the defendants prior to the decedent's death (*see* Real Property Law § 317; *accord Bank of N.Y. v Resles*, 78 AD3d 469, 471 [2010]).

Moreover, we decline to disturb the Surrogate's determination that the deed dated May 9, 2001, was not procured by undue influence. The defendants failed to submit evidence supporting their contention that a confidential relationship existed between the plaintiff and her parents, who executed the deed, or that the deed dated May 9, 2001, was procured by the exercise of undue influence (*see Matter of Mildred M.J.*, 43 AD3d 1391, 1393 [2007]; *Matter of Butta*, 3 AD3d 347 [2004]; *Matter of Marocchi*, 117 AD2d 670, 672 [1986]; *see also Kramer v Danalis*,

66 AD3d 539, 539-540 [2009]; *Donlon v Donlon*, 154 App Div 212, 217 [1912]).

The defendants' remaining contentions are without merit.

We decline the plaintiff's request for the imposition of sanctions (*see* 22 NYCRR 130-1.1 [c]; *Stangel v Zhi Dan Chen*, 74 AD3d 1050, 1054 [2010]). Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.