Order, Supreme Court, New York County (Bernard J. Fried, J.), entered July 2, 2012, which, to the extent appealed from as limited by the briefs, denied defendant Peter Arkley’s motion to dismiss a third amended complaint brought by an affiliate of his former employer and its corporate parent (collectively, Aon) on *462 the grounds of a prior action pending and forum non conveniens, unanimously affirmed, with costs. Order, same court (Marcy S. Friedman, J.), entered September 21, 2012, which granted Aon’s motion for a preliminary injunction insofar as it enjoined Arkley, his agents, servants, employees and all other persons acting under his supervision and/or direction from soliciting business from, or entering into any business relationship with, on behalf of the corporate defendant (Alliant), any of Aon’s clients or customers whom he either procured or whose accounts he worked on in the 24 months prior to his departure from Aon on June 13, 2011; enjoined Arkley and his agents, etc. from soliciting any Aon employees to work for Alliant; and directed that Aon post a $1 million bond, unanimously affirmed, with costs.
The court properly exercised its discretion in declining to dismiss or stay this action in light of a prior pending action, commenced by Arkley and his new employer Alliant in California against Aon, seeking primarily a declaration that restrictive covenants in Arkley’s employment agreement, and certain incentive agreements he entered into with Aon, were unenforceable under California law and public policy (see generally CPLR 3211 [a] [4]). The California action was commenced only a few days before the instant action, and on the very same date that Arkley and nearly 40 other co-workers departed Aon’s employ to work for Alliant. Arkley simultaneously transferred a significant client base from his former employer over to Alliant, and additional employees of Aon migrated to Alliant’s employ over the next few days. The timing of the commencement of the California action, the declaratory relief sought therein, and the evident disfavor California law holds for restrictive covenants, supports the motion court’s finding that the California action was a preemptive measure undertaken to gain a tactical advantage so as to negate the force and effect of the restrictive covenants, which the parties had freely agreed upon (see generally L-3 Communications Corp. v SafeNet, Inc., 45 AD3d 1 [1st Dept 2007]; White Light Prods. v On The Scene Prods., 231 AD2d 90, 96-97 [1st Dept 1997]). While Arkley was not made a party to the instant action until he was impleaded as a defendant nine months after the action’s commencement, in the interim, he was named as a defendant in an Illinois action commenced by Aon, and he was subject to a broad-scoped temporary restraining order in the instant action. Arkley had also participated in the instant action prior to being impleaded.
While Arkley was a long-time resident of California and worked for an Aon subsidiary principally based in California for *463 over 15 years prior to taking a position with Alliant (also located in California), we find the motion court properly exercised its discretion in denying that branch of his motion which sought dismissal of this action on forum non conveniens grounds (CPLR 327). The fact that another forum may have a substantial interest in adjudicating an action is but one factor to be weighed on a CPLR 327 dismissal motion (see generally Shin-Etsu Chem. Co., Ltd. v ICICI Bank Ltd., 9 AD3d 171 [1st Dept 2004]). “The rule [forum non conveniens] rests upon justice, fairness and convenience” (Islamic Republic of Iran v Pahlavi, 62 NY2d 474, 479 [1984], cert denied 469 US 1108 [1985]). Aon commenced this action in New York, where it has a sizeable corporate presence, to enforce the restrictive covenants to which Arkley agreed at the time he accepted the advancement and economic incentives offered by Aon. Arkley has demonstrated his availability to this forum by his prior business activities here, as well as by his initial, nonparty participation in this action. Arkley’s apparent purpose in seeking dismissal of this action on forum non conveniens grounds is to avoid his contractual obligations.
With regard to the choice of law issue, “[a] basic precept of contract interpretation is that agreements should be construed to effectuate the parties’ intent” (Welsbach Elec. Corp. v MasTec N. Am., Inc., 7 NY3d 624, 629 [2006]). New York courts are willing to enforce parties’ choice of law provisions (see Koob v IDS Fin. Servs., 213 AD2d 26, 33 [1st Dept 1995]; see also Union Bancaire Privee v Nasser, 300 AD2d 49 [1st Dept 2002]). Here, the parties’ agreements selected Illinois law to govern their disputes, and the IAS court sought to uphold this choice of law provision. By contrast, the California courts ignored the parties’ choice of law provision in favor of its own public policy. No cogent argument has been offered as to why New York courts should not enforce the parties’ contractual choice of Illinois law to govern their dispute.
The motion court correctly concluded that Aon satisfied the criteria for preliminary injunctive relief, inasmuch as it demonstrated a likelihood of success on the merits, irreparable harm in the absence of an injunction, and a balancing of the equities in its favor (see W.T. Grant Co. v Srogi, 52 NY2d 496, 517 [1981]). The record amply demonstrates that Arkley, when not subject to formal judicial restraint, has been inclined to solicit Aon’s employees and customers, in addition to making apparent use of its proprietary and confidential information (see e.g. Clarion Assoc. v Colby Co., 276 AD2d 461 [2d Dept 2000]; Laro Maintenance Corp. v Culkin, 255 AD2d 560 [2d Dept 1998]). Arkley’s contention that the scope of the preliminary injunc *464 tion is overly broad is unavailing (see e.g. id. at 560). Concur— Friedman, J.P., Sweeny, Acosta, Abdus-Salaam and ManzanetDaniels, JJ.